IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT KEVIN LEE,                         :

    Plaintiff,                              :

vs.                                       CA 04-0765-C[1]

                                            :

JO ANNE B. BARNHART,
Commissioner of Social Security,          :

    Defendant.

## MEMORANDUM OPINION AND ORDER

The Commissioner of Social Security has moved for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand of this cause for further administrative proceedings. (Doc. 22)

> On remand by the Court, the Appeals Council will vacate the August 2003, administrative decision and direct the ALJ to conduct a hearing in accordance with 20 C.F.R. §§ 404.944, 416.1429 (2005), in which Plaintiff has the opportunity to testify. The ALJ will further evaluate the issue of Plaintiff's performance of substantial gainful activity after May 2001, as well as continue the sequential evaluation process beyond step one for the period beginning with the cessation of substantial gainful activity.

---

[1] The parties have consented to the exercise of jurisdiction by the undersigned, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court, including disposition of this motion. (Doc. 19 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings."))

(*Id.* at 1)

The motion to remand reveals that counsel for the defendant, Patricia N. Beyer, Esquire, notified plaintiff's counsel, G. Wayne Ashbee, Esquire, of the contents of the motion and was advised by plaintiff's counsel that the plaintiff would "consent to this motion only if the case could be reassigned to a different ALJ." (*Id.* at 2) The defendant follows-up this comment with the statement that "it is agency policy that upon remand that the case be assigned to the same ALJ." (*Id.*) Plaintiff filed a response to the defendant's motion on September 21, 2005, and therein states the following: "Robert Kevin Lee[] asserts that he does not believe that he can receive an unbiased and impartial hearing before the same Administrative Law Judge that previously heard his claim in this matter. The basis for this request is set forth in Plaintiff's Proposed Report and Recommendation which details the ALJ's refusal to go beyond step one of the sequential evaluation process." (Doc. 23, at 1)[2]

There can be no doubt but that, under appropriate circumstances, in remanding a case, this Court can order that the new hearing be held before a different ALJ. *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) ("We [] hold that Miles is entitled to an unbiased reconsideration of her application for

---

[2] Therefore, plaintiff too desires a remand but requests that this Court, when ordering remand, instruct the Appeals Council to assign the case to a different ALJ. (*See id.* at 2)

benefits before a different ALJ. . . . [W]e REVERSE the judgment of the district court and REMAND the case to that court with instructions to order a new hearing before another ALJ."); *see also Cooper v. Barnhart*, 345 F.Supp.2d 1309, 1311 (S.D.Ala. 2004) (This court finds that upon remand, plaintiff is entitled to an unbiased reconsideration of his claim for benefits before a different ALJ. Accordingly . . . this action be and is hereby REMANDED pursuant to sentence four of 42 U.S.C. § 405(g), to the Social Security Administration for further proceedings consistent with the Commissioner's Motion to Remand and the opinion of this court, with instructions to the Appeals Council to reassign this case to a different ALJ."). In *Miles*, the Eleventh Circuit ordered a new hearing before another ALJ against an administrative backdrop in which plaintiff's attorney, in appealing the ALJ's adverse decision to the Appeals Council, asserted an obvious bias demonstrated by the ALJ. 84 F.3d at 1400-1401.

> The regulations governing Title II dictate that "[a]n administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940.
>
> When a claimant objects to the assignment of a particular ALJ to his or her case, he or she must notify the ALJ at the earliest opportunity. *Id*. If the ALJ withdraws, the Associate Commissioner for Hearings and Appeals or his delegate will appoint another ALJ to conduct the hearing. *Id*. If the ALJ declines to recuse himself, the claimant may seek

> reconsideration after the hearing by raising the issue before the Appeals Council. *Id*.
>
> In the present case, the objectionable comments of the ALJ were made in the opinion issued after the hearing. Consequently, Miles' earliest opportunity to object was before the Appeals Council. In the brief she submitted to the Appeals Council, she asserted that the ALJ's statements demonstrated "an obvious bias either against the claimant's evidence, the claimant herself, or the claimant's attorney." (Administrative Record at 9). The Appeals Council failed to address this charge in denying her request for review.

*Id*. Similarly, in *Cooper*, *supra*, one of the senior district judges from this Court ordered reconsideration of the plaintiff's claim for benefits by a different ALJ upon noting that plaintiff's counsel placed the Appeals Council on notice that "'[t]here was a pattern of hostile, antagonistic questioning of Mr. Cooper by the ALJ,'" and upon confirming counsel's comments to the Appeals Council, by reviewing the hearing transcript, and finding "the ALJ's demeanor toward plaintiff unnecessarily offensive and biased." 345 F.Supp.2d at 1311.

The record in this case contains no complaints of bias by plaintiff's counsel to the Appeals Council nor can this Court read any obvious bias into the ALJ's action in cutting short the March 20, 2002 hearing on the basis that an onset date of disability was not apparent on the record (*see* Tr. 467-471; *id.* at 470-471 ("We haven't established an onset, yet. I have doctor's notes in here that refute the testimony that's before me. And it's in evidence. I have two

pieces of evidence and I have one person testifying, under oath, that he doesn't have a recollection. I'm not satisfied. This matter will be continued. The hearing is closed.")). To be sure, the record contains no supplemental hearing by the ALJ, though one was scheduled for January 8, 2003 (Tr. 48-51). However, the record is silent about why supplemental hearing testimony was not taken, particularly since it appears that counsel was present for the hearing. (*See* Tr. 329, 340 & 342 (SSA notations that exhibits 24F-26F were received into evidence during the hearing)) Nevertheless, the reason no supplemental hearing testimony was taken on January 8, 2003 matters not for purposes of the present motion to remand since plaintiff's counsel made no argument to the Appeals Council that the ALJ's conduct during the administrative hearing that was held reflects bias or that the ALJ did not take supplemental testimony on January 8, 2003 because of obvious bias. (*See* Tr. 13) In fact, plaintiff's counsel only stated the following on appeal to the Appeals Council: "On behalf of my client we respectfully disagree with the action taken by the Administrative Law Judge on the above claim and request a review of such action by the Appeals Council of the Office of Hearings and Appeals." (*Id*.)[3] Accordingly, the Court finds the

---

[3]  In addition, plaintiff's proposed report and recommendation contains no bias charge. (*See* Doc. 21) The perceived bias charge comes only now in plaintiff's response to the motion to remand. (Doc. 23)

circumstances in this case distinguishable from both *Miles* and *Cooper* and will not order that the remand proceedings in this case be conducted before another ALJ.[4]

The plain language of sentence four of 42 U.S.C. § 405(g) empowers this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." It is clear to the Court that this case need be reversed and remanded to the Commissioner of Social Security for further proceedings in accordance with the motion to remand filed by the defendant[5] and, therefore, the Court reverses and remands this case for further proceedings pursuant to sentence four of § 405(g). *See*

---

[4] Plaintiff has simply offered nothing at this stage in the proceedings to overcome the general presumption that an ALJ is unbiased. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citation omitted); *see also Chamberlain v. Barnhart*, 2002 WL 32341771, *3 (E.D.Pa. 2002) ("Generally, an ALJ is presumed to be unbiased, but this presumption can be rebutted by a specific showing of cause for disqualification."). Plaintiff, however, is free on remand to present a reassignment request to the ALJ, as well as with the Appeals Council after the hearing should the ALJ deny the request. *See* 20 C.F.R. § 404.940 ("If you object to the administrative law judge who will conduct the hearing, you must notify the administrative law judge at your earliest opportunity. The administrative law judge shall consider your objections and shall decide whether to proceed with the hearing or withdraw. . . . If the administrative law judge does not withdraw, you may, after the hearing, present your objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another administrative law judge.").

[5] There is no question but that in this case a remand for further proceedings is the only possible favorable disposition for the plaintiff. In other words, this case is not one in which this Court could order the award of benefits on remand.

*Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.[6]

**DONE** this the 23rd day of September, 2005.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**

---

[6]    Oral argument in this case, presently scheduled for September 27, 2005 (Doc. 17), is **CANCELED**.